### IN

# THE SUPREME COURT

#### OF THE

## STATE OF ARKANSAS,

IN JULY TERM, 1837, BEING THE 62d YEAR OF OUR INDEPENDENCE.

---

BENNETT, adm'r of BENNETT, *against* ENGLES, adm'r of CURRAN.

ERROR *from Independence Circuit Court.*

This case was originally commenced before a Justice of the Peace, and thence removed by appeal into the Circuit Court below. At the term of the Circuit Court at which it was set for trial, the regular terms of said court were required to be held on the Second Mondays of May and November. By an act of the General Assembly, the time of holding the court was changed from the Second to the Third Mondays of May and November, without any provision that cases pending should have day and be tried as though no change had been made. The court below decided that the act of the General Assembly operated as a discontinuance of this suit, and gave judgment accordingly: and to reverse that decision this suit of error is prosecuted.

FOWLER, for the plaintiff in error: The plaintiff relies upon the single error that the court below ordered the case to be stricken from the records of the court, &c., contrary to law. The court below predicated its decision solely on an act of the Arkansas Legislature of

LITTLE
ROCK,
July, 1837.

BENNETT
administ'r
vs.
ENGLES,
administ'r.

1833, page 34 *et seq.* of *the Pamphlets.* This same point was adjudicated upon in the case of *Boswell, adm'r.,* vs. *Newton,* and *Long and Wife* vs. *Thompson,* and *Compton* vs. *Palmer,* in the Superior Court of Territory, and the decision of the Circuit Court reversed.

LACY, *Judge,* delivered the opinion of the Court: This action was originally commenced by summons upon an open account before a Justice of the Peace. Judgment was obtained in favor of the plaintiff, from which an appeal was taken to the Circuit Court.

The appeal was returnable to the November term, 1832, and the cause regularly continued till the November term, 1834, when, on motion of the defendant's attorney, the court ordered the case to be stricken from the record. To correct this opinion the plaintiff prosecutes his writ of error.

At the time the appeal was set for trial, the regular terms of the Circuit Court of Independence were required to be holden on the Second Mondays of May and November, in every year, (see *Acts of the Legislature,* 1829, page 22,) and at the time the order was made dismissing the appeal, the regular terms of the court were changed from the *second* to the *third* Mondays of May and November. See *Acts of the Legislature* 1833.

The only point this court has to determine is, whether the change in the times of holding the Circuit Court operates as a discontinuance? This qestion was fully examined and decided in the case of *Boswell, administrator,* vs. *Newton,* and we deem it unnecessary to say any thing more than merely to refer to that opinion as stating the principle correctly, why the judgment of the Circuit Court below ought to be reversed. See *MSS. Opinions* of the Superior Court of the Territory of Arkansas.

Let it therefore be reversed, the cause remanded to be proceeded on according to the law, and the plaintiff in error have judgment for his costs in this court expended.